**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **TAMMY FRANCIS** | ) |
| 157 Garnette Court | ) |
| Mount Washington, KY 40047 | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ABM INDUSTRIES INCORPORATED** | ) |
| 14141 Southwest Freeway, Suite 477 | ) |
| Sugar Land, TX 77478-4630 | ) |
| | ) |
| **SERVE:** CT Corporation System | ) |
| 306 W. Main Street, Suite 512 | ) |
| Frankfort, KY 40601 | ) |
| | ) |
| **COMPASS GROUP USA, INC.** | ) |
| 2400 Yorkmont Road | ) |
| C/O Tax Dept. | ) |
| Charlotte, NC 28217 | ) |
| | ) |
| **SERVE:** Corporation Service Company | ) |
| 421 West Main Street | ) |
| Frankfort, KY 40601 | ) |
| | ) |
| DEFENDANTS. | ) |

**CIVIL ACTION NO.**

3:21-cv-3-GNS

## COMPLAINT AND JURY DEMAND

Comes the Plaintiff, by counsel, and for her Complaint for Damages and Jury Demand against the above-named Defendants states as follows:

## PARTIES

1.     Plaintiff, Tammy Francis (hereinafter "Plaintiff"), at all times pertinent to the allegations set forth in the Complaint was a resident of Louisville, Jefferson County, Kentucky and was jointly employed by Defendant ABM Industries Incorporated (hereinafter "ABM") and Defendant Compass Group, Inc. (hereinafter "Compass Group") within the meaning of the Age

Discrimination in Employment Act and the Kentucky Civil Rights Act.   Plaintiff currently resides in Bullitt County, Kentucky.

2.      Defendant ABM Industries Incorporated (hereinafter "ABM") is and at all times pertinent hereto was a Delaware corporation with its principal place of business being located at 14141 Southwest Freeway, Suite 477, Sugar Land, Texas 77478-4630. ABM has identified CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601 as its registered agent for service of process. Defendants ABM and Compass Group are "joint employers" as defined under the ADEA as a result of Compass Group's management and control of the day to day activities of Plaintiff Francis during the term of her employment with both ABM and Compass Group.

3.      Defendant Compass Group, Inc. (hereinafter "Compass Group") is and at all times pertinent hereto was a Delaware corporation with its principal place of business being located at 2400 Yorkmont Road, C/O Tax Dept., Charlotte, North Carolina 28217. Compass Group has identified Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601 as its registered agent for service of process. Defendants ABM and Compass Group are joint employers as defined under the ADEA as a result of Compass Group's management and control of the day to day activities of Plaintiff Francis during the term of her employment with both ABM and Compass Group.

<u>**JURISDICTION AND VENUE**</u>

4.      This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. Section 1331 as this action arises under the provisions of 20 U.S.C. Section 621 *et seq.*, the Age Discrimination in Employment Act. This Court has supplemental jurisdiction over

Plaintiff's claims filed under the provisions of the Kentucky Civil Rights Act encoded at KRS Chapter 344 pursuant to 28 U.S.C. Section 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## STATEMENT OF PERTINENT FACTS

6.      On or about April 6, 2018, Plaintiff Francis was employed by ABM, an employment placement agency, who assigned her to a position with Compass Group USA, Inc., where she was employed until her termination on March 25, 2019. Defendants ABM and Compass Group are joint employers as defined under the ADEA and the KCRA as a result of Compass Group's management and control of the day-to-day activities of Plaintiff Francis during the term of her employment with both ABM and Compass Group.

7.      Plaintiff viewed ABM and Compass Group as joint employers as a result of their shared responsibilities in managing her employment.

8.      From the beginning of her employment with ABM and Compass Group until her termination on March 25, 2019, Plaintiff was under the supervision and direct control of Compass Group supervisor, Becky Bundy. Ms. Bundy determined Plaintiff's daily job assignments and determined whether Plaintiff's work product was satisfactory.

9.      During her employment, Plaintiff was subjected to age discrimination, retaliation, and a hostile work environment based upon her age on numerous occasions by Ms. Bundy and two ABM supervisors, Mike Baker and Jason Jordan.

10.     Early in Plaintiff's employment, Bundy began making fun of Plaintiff for her age regarding her outdated clothing and hairstyle. Similar comments were consistent throughout

Plaintiff's employment and often embarrassed her in front of other co-workers. Such comments were so pervasive that they often interfered with Plaintiff's job duties.

11.     As a result of this discrimination, Plaintiff filed several complaints to ABM. One complaint regarding Ms. Bundy's discriminatory remarks was made to Jason Jordan, Plaintiff's ABM direct supervisor. Jordan informed Plaintiff that he would not accept any complaints against Ms. Bundy as she was not an employee of ABM, and ABM refused to conduct an investigation into Plaintiff's complaints or otherwise contact Compass Group about Ms. Bundy and her discriminatory treatment of the Plaintiff.

12.     On or about April 10, 2019, Plaintiff also attempted to file a complaint regarding Ms. Bundy's discriminatory conduct with the ABM Compliance Hotline and was also informed that ABM would not take her complaint since Ms. Bundy was employed by the Compass Group and not ABM.  Finally, Plaintiff made another complaint regarding Ms. Bundy's discriminatory conduct to Tara McMahan, a Human Resources representative for ABM, who informed Plaintiff that she would turn the matter over to ABM's legal department. However, no further actions were taken to investigate the issue regarding Ms. Bundy or to otherwise contact Compass Group about Ms. Bundy and her discriminatory treatment of the Plaintiff.

13.     Once Ms. Bundy learned of the complaints Plaintiff had filed against her with ABM, Ms. Bundy began to retaliate against the Plaintiff by exhibiting threatening and unwarranted behavior towards Plaintiff by singling her out and subjecting her to higher scrutiny in work performance compared to other similarly situated employees who were both younger and had not complained about Ms. Bundy engaging in discriminatory conduct in the workplace. On one such occasion, Ms. Bundy got in Plaintiff's face and yelled at her over her job performance.

14.     In August of 2018, Ms. Bundy unexpectedly changed Plaintiff's work hours to accommodate Adrian, a younger co-worker who needed a schedule that would allow her to take care of her young child. Yet, Plaintiff had a similar obligation to her grandson whom she was the primary caregiver and legal custodian over. When Plaintiff confronted Ms. Bundy about her obligations to provide care for her grandson, Bundy responded that she did not have the same responsibilities as a young mother did in caring for a child.

15.     In March of 2019, as a result of her altered schedule, Plaintiff was forced to take FMLA leave in order to care for her grandson who was having surgery to remove his tonsils. After providing adequate documentation, ABM's Human Resources Department approved Plaintiff Francis for a two-month FMLA leave.

16.     Once Ms. Bundy had learned of Plaintiff's approved FMLA leave, she stated: "Oh no you're not going to going to be off to take care of your grandson." On the first day of Francis's FMLA leave, Jason Jordan, her direct ABM supervisor, terminated Plaintiff's employment and provided no reason for his decision to terminate the Plaintiff. Further, Plaintiff had no formal disciplinary history with either ABM or Compass Group USA, Inc. as joint employers prior to her termination.

17.     On or about July 27, 2019, Plaintiff Francis filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC"), alleging that she had been subjected to discrimination as a result of her age and was retaliated against for making complaints about discrimination in the workplace as more fully described in the previous paragraphs of this Complaint. Plaintiff further alleged that age discrimination and retaliation were motivating factors in ABM's decision to terminate her employment with ABM.  A copy of Plaintiff's Charge of Discrimination is attached hereto as "**Exhibit A**."

18.     On October 8, 2020, Plaintiff Francis received from the EEOC a "Dismissal and Notice of Rights" for her claims of discrimination and retaliation against Defendant ABM. A copy of the Notice is attached hereto as "**Exhibit B**."   As alleged herein, Defendant Compass Group is a proper party to Plaintiff's claims of discrimination and retaliation under the ADEA pursuant to the "joint employer" doctrine as Compass Group's supervisor, Becky Bundy, exercised control over the day-to-day activities of Plaintiff Francis during the term of her employment with both ABM and Compass Group.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE KENTUCKY CIVIL RIGHTS ACT

19.      Plaintiff realleges each and every allegation set forth in paragraphs one through eighteen of the Complaint as if fully set forth herein.

20.     Plaintiff Francis, as a 52-year-old female, is over the age of 40.

21.     During Plaintiff's employment with ABM and Compass Group, Plaintiff was treated differently than similarly situated, younger  employees, on  account of  her age.

22.     More specifically, Plaintiff was subjected to harassment and disparate treatment by Defendants' agents and/or employees in the terms and conditions of her employment due to her age.   Direct evidence of this bias is demonstrated through statements made by one of Plaintiff's direct supervisors, Defendant Compass Group's employee Becky Bundy, regarding her outdated clothing and hairstyles, as well as her remarks that her position as a legal guardian over her grandchild was less significant than another employee's position to care for her child.

23.     Defendants' agents' and/or employees' conduct constitutes unlawful, willful, and malicious age discrimination in violation of Plaintiff's rights under the Age Discrimination

in Employment Act of 1967 hereinafter "ADEA") and the provisions of the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.* (hereinafter "KCRA").

24.     As a direct and proximate result of the discriminatory practices and actions of the Defendants as more fully described in this Complaint in violation of the ADEA and the KCRA, Plaintiff has suffered: (a) substantial mental anguish and emotional distress in the past and will continue to suffer substantial mental anguish and emotional distress in the future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) lost wages and benefits in the past and future; and (f) other pecuniary and non-pecuniary losses.

25.     Based upon the foregoing allegations in this Count of the Complaint, Plaintiff is entitled to the rights and remedies at law provided by the ADEA and the KCRA including, but not limited to, actual damages, compensatory damages, liquidated damages, and attorney's fees.

## COUNT II

### RETALIATION IN VIOLATION OF THE ADEA AND KCRA

26.      Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-five of the Complaint as if fully set forth herein.

27.     Plaintiff engaged in an activity protected within the meaning of the ADEA and the KCRA when she complained of the numerous acts of discrimination based upon her age to agents and/or employees of the Defendants as more fully described in this Complaint.

28.     As alleged herein, Defendants, acting by and through their officers, employees, agents, and/or supervisors, illegally retaliated against Plaintiff in light of Plaintiff's complaints of age discrimination by unlawfully subjecting her to unjust scrutiny in her job performance, by removing certain supervisory responsibilities, by making

unwarranted and derogatory comments about the Plaintiff's ability to perform her job with the Defendants satisfactorily, by subjecting her to different terms and conditions of employment with the Defendants when compared to other comparable employees who had not engaged in "protected activity," and by subjecting the Plaintiff to adverse employment actions up to and including the termination of her employment.

29.     There is a casual connection between the Plaintiff's complaints to Defendants' management personnel regarding discrimination in the workplace based upon the Plaintiff's age and the retaliatory actions taken against the Plaintiff as more fully described in Paragraph 28 and the other paragraphs of the Complaint. Moreover, these unlawful and retaliatory actions by the Defendants' were made by  the agents and/or employees of the Defendants, in part, to dissuade the Plaintiff from making future complaints regarding discrimination in the workplace to the Defendants and would likely have dissuaded a reasonable worker from making or supporting claims of discriminatory conduct against the Defendants in the future.

30.     As a direct and proximate result of the Defendants' willful, knowing, and intentional retaliation against Plaintiff as alleged in this Count of the Complaint, Plaintiff has suffered: (a) substantial mental anguish and emotional distress in the past and will continue to suffer substantial mental anguish and emotional distress in the future; (b) humiliation and personal indignity (past  and future); (c) loss  of enjoyment  of life;  (d) loss  of employment  with Defendants; (e) lost wages and benefits in the past and future; (f) liquidated damages; and (g) other pecuniary and non-pecuniary losses.

31.     Based upon the foregoing allegations in this Count of the Complaint, Plaintiff is entitled to the rights and remedies at law provided by the ADEA and the KCRA for retaliation claims including, but not limited to, all actual damages, compensatory damages, liquidated

damages, attorney's fees, and other legal relief and/or damages as may be available and appropriate under the law.

<h3 align="center">COUNT III</h3>

<h3 align="center">HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE KENTUCKY CIVIL RIGHTS ACT</h3>

32.     Plaintiff realleges each and every allegation set forth in paragraphs one through thirty-one of the Complaint as if fully set forth herein.

33.     Plaintiff Francis, as an individual age forth (40) or over, is a member of a protective class under the ADEA, and the Kentucky Civil Rights Act, KRS Chapter 344.

34.     Defendants, ABM and Compass Group are "employers" within the meaning of the ADEA, and the Kentucky Civil Rights Act, KRS Chapter 344.

35.     As more fully described in the preceding paragraphs of this Complaint, Plaintiff Francis was subjected to a workplace of unwelcome and highly offensive conduct as a result of Plaintiff's age while employed at ABM that was so severe and pervasive that it altered her conditions of employment and otherwise created a hostile working environment. Plaintiff Francis was exposed to this hostile work environment because of her age.

36.     The hostile working environment was one that a reasonable person would find hostile and abusive, and one that Plaintiff Francis in fact perceived as hostile and abusive.

37.     As more fully described in the preceding paragraphs of this Complaint, Plaintiff reported the inappropriate conduct from Compass Group's employees to ABM management and supervisory personnel on several occasions.

38.     As more fully described in the preceding paragraphs of the Complaint, management and supervisory personnel of ABM either knew or should have known that employees of Compass Group, whom they have joint-employment status with, had engaged in

inappropriate and highly offensive behavior and acts of intimidation directed towards the Plaintiff, and failed to implement prompt and effective corrective action to stop such unlawful behavior from continuing to occur.

39.     Defendants' conduct is properly categorized as oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for or reckless indifference to the federally protected rights and liberties of the Plaintiff. Accordingly, an award of liquidated damages against the Defendants is warranted under the ADEA.

40.     Defendants ABM and Compass Group violated KRS 344.040 (the Kentucky Civil Rights Act) and the ADEA by tolerating and/or condoning a hostile workplace towards the Plaintiff during Plaintiff's term of employment with the Defendant. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity and humiliation, and other pecuniary and non-pecuniary losses.

### COUNT IV – ONLY AGAINST DEFENDANT ABM

### INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. SECTION 2601 ET SEQ.

41.     Plaintiff realleges each and every allegation set forth in paragraphs one through forty of the Complaint as if fully set forth herein.

42.     Plaintiff, Tammy Francis, is an eligible employee under the FMLA.

43.     Defendant, ABM, is a covered employer within the meaning of the FMLA

44.     In March of 2019, as a result of her altered schedule, Plaintiff was forced to take FMLA leave in order to care for her grandson who was having surgery to remove his tonsils.

After providing adequate documentation, ABM's Human resources Department approved Plaintiff Francis for a two-month FMLA leave.

45.     Once Ms. Bundy had learned of Plaintiff's approved FMLA leave, she stated: "Oh no you're not going to going to be off to take care of your grandson." On the first day of Francis's FMLA leave, Jason Jordan, her direct ABM supervisor, terminated Plaintiff's employment and provided no reason for his decision to terminate the Plaintiff. Further, Plaintiff had no formal disciplinary history with either ABM or Compass Group USA, Inc. as joint employers prior to her termination.

46.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, and other non-pecuniary losses.

47.     Defendant ABM's conduct in interfering with the rights of the Plaintiff was an intentional violation of the FMLA. Accordingly, an award of "liquidated damages" against Defendant ABM is warranted under the Family Medical Leave Act.

## COUNT V – ONLY AGAINST DEFENDANT ABM

## RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. SECTION 2601 ET SEQ.

48.     Plaintiff realleges each and every allegation set forth in paragraphs one through forty-seven of the Complaint as if fully set forth herein.

49.     Plaintiff availed herself of protected rights under the FMLA when she requested and was approved for FMLA leave by ABM's Human Resources Department to care for her grandson who was having surgery to remove his tonsils in March of 2019.

50.     Once Ms. Bundy had learned of Plaintiff's approved FMLA leave, she stated: "Oh no you're not going to going to be off to take care of your grandson." On the first day of

Francis's FMLA leave, Jason Jordan, her direct ABM supervisor, terminated Plaintiff's employment and provided no reason for his decision to terminate the Plaintiff. Further, Plaintiff had no formal disciplinary history with either ABM or Compass Group USA, Inc. as joint employers prior to her termination.

51. Plaintiff suffered an adverse employment action as a direct and proximate result of her attempt to use the leave afforded by the provisions of the FMLA when she was terminated on or about March 25, 2019, the day her FMLA leave was to begin.

52. Defendant ABM also showed its intent to retaliate against Plaintiff when Defendant ABM terminated Plaintiff's employment while she was on FMLA leave and refused to recognize her rights to FMLA leave to care for her grandson who was having surgery to remove his tonsils.

53. Even though Plaintiff had followed Defendant ABM's company policy, notified the company for her need for FMLA leave, and had been approved for leave under the FMLA, Defendant ABM still terminated Plaintiff.

54. As a direct and proximate result of Defendant ABM's retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future lost wages and benefits, among other damages.

**WHEREFORE,** Plaintiff, Tammy Francis, demands judgment against Defendants ABM and the Compass Group as follows:

1. For an award of damages against the Defendants, either jointly or individually, which reasonably compensates the Plaintiff for her (a) substantial mental anguish and emotional distress in the past and future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) future employment opportunities; (f) lost wages and benefits in the past and future; (g) liquidated damages; and, (h) other pecuniary and non-pecuniary losses for the Defendants violations of the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act, and the Kentucky

Civil Rights Act as more fully alleged in the foregoing paragraphs of the Complaint;

2.      For a trial by jury;

3.      For her costs expended herein;

4.      For her reasonable attorney's fees as provided for by the statute;

5.      For an award of liquidated damages against the Defendants;

6.      For pre-judgement and post-judgment interest at the prevailing legal rate;

7.      For leave to amend the pleadings as proof develops; and

8.      For any and all other relief that she may appear to be entitled to under the law.

Respectfully submitted,

/s/      T. Ryan Greer
Charles W. Miller
T. Ryan Greer
**CHARLES W. MILLER & ASSOCIATES**
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, Kentucky 40202
P: (502) 583-2300
F: (502) 583-2300
cmiller@cwmassociates.com
rgreer@cwmassociates.com
***COUNSEL FOR PLAINTIFF***